

U.S. COURTS

JUN 15 2010

Rcvd____ Filed____ Time 4:52
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

Sterling Mortensen
4282 N Forest Meadow Ave
Boise, Idaho 83704

# U.S. District Court for the District of Idaho

| | |
|---|---|
| **Brenda Burton,** | |
| **Steve Fritts** | |
| **Sterling Mortensen** | |
| **Plaintiff(s),** | **Civil Number 10-0298-CV CWD** |
| **v.** | |
| **COUNTRYWIDE BANK, FSB,** | |
| **BANK OF AMERICA (BOA),** | |
| **FIDELITY NATIONAL TITLE INSURANCE CO.,** | **COMPLAINT** |
| **BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP,** | |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, "MERS",** | |
| **RECONTRUST COMPANY, N.A.** | |
| **Does 1-10** | |
| **Defendant(s)** | |

## COMPLAINT

Comes now Sterling Mortensen, Brenda Burton & Steve Fritts, hereinafter referred to as "Plaintiff(s)," and moves the court for relief as herein requested:

Parties:

PLAINTIFF(S)

1. Plaintiff(s) are Sterling Mortensen, 4282 N FOREST MEADOW AVE, BOISE, Idaho [83704] hereinafter referred to as "Plaintiff." A son of God appearing in Propria persona under the Constitution of the State of Idaho, is domicil in this State of Idaho, near the city of Boise.

COMPLAINT                    1 of 55

2.   Plaintiff(s) are Brenda Burton, P.O. Box 271279, Salt Lake City, UT 84127, hereinafter referred to as "Plaintiff." A daughter of God appearing in Propria persona under the Constitution of the State of Idaho and Utah, is domicil in this State of Utah, near the city of Salt Lake.

3.   Plaintiff(s) are Steve Fritts Plaintiff(s), 5509 Dartmouth Ave, River Oaks, TX 76114 hereinafter referred to as "Plaintiff." A son of God appearing in Propria persona under the Constitution of the State of Idaho and Utah and Texas, is domicil in this State of Texas, near the city of Fort Worth.

THE PROPERTY IN DISPUTE and DEED OF TRUST AND ACCOUNT IN DISPUTE IS:

Re: Supposed Original Loan number 189325501

Instrument/ recording number 108014446 signed February 1st, 2008 recorded February 8th, 2008 @ 4:31 PM in ADA COUNTY, BOISE IDAHO

Doc ID # 00018932550102008, MIN 1001337-0002938843-9

Purported Legal Description:

COUNTY OF ADA

LOT 4, IN BLOCK 2 OF CASCADING MEADOWS SUBDIVISION NO. 2, ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN BOOK 96 OF PLATS AT PAGE 11921-11923, RECORDS OF ADA COUNTY, IDAHO

4.   Parcel ID Number R1311010200

5.   Purported Property Address: 4282 N FOREST MEADOW AVE, BOISE [83704]

6.   CURRENTLY KNOWN DEFENDANT(S)

7.   Defendant(s) are/is:  COUNTRYWIDE BANK, FSB , c/o 1199 North Fairfax Street, Ste 500 Alexandria VA 22314, represented by and through it's attorney, hereinafter referred to as "Lender," or "Defendant(s),"

8.   Defendant(s) are/is BANK OF AMERICA "BOA", c/o REGISTERED AGENT CT CORPORATION SYSTEM 818 WEST 7TH STREET, LOS ANGELES, CA 90017,

represented by and through it's attorney, hereinafter referred to as "Servicer," or "Defendant(s),"

9. Defendant(s) are/is FIDELITY NATIONAL TITLE INSURANCE CO., REGISTERED AGENT CT CORPORATION SYSTEM 818 WEST 7TH STREET, LOS ANGELES, CA 90017, represented by and through it's attorney, , , ,  , hereinafter referred to as "Trustee or "Defendant(s)," .

10. Defendant(s) are/is Mortgage Electronic Registration Systems "MERS", P.O. Box 2026 Flint, MI 48501-2026, represented by and through it's attorney, , , ,  , hereinafter referred to as "Beneficiary," or "Defendant(s)," "MERS".

11. Defendant(s) are/is BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP, c/o REGISTERED AGENT CT CORPORATION SYSTEM 818 WEST 7TH STREET, LOS ANGELES, CA 90017, represented by and through it's attorney, , , ,  , hereinafter referred to as "SERVICER," or "Defendant(s),"

12. Defendant(s) are/is RECONTRUST COMPANY, 1800 Tapo Canyon Road CA6-914-01-94 Simi Valley, CA 93063, represented by and through it's attorney, , , ,  , hereinafter referred to as "Holder of the Note", "Lender" or "Defendant(s),"

13. Does 1-10, , ,  , hereinafter referred as "Defendant(s)."

### JURISDICTION

14. This Court had jurisdiction over the subject matter of this action pursuant to USDC rules.

15. it has limited jurisdiction in that they can only hear cases that fall both within the scope defined by the Constitution in Article III Section 2 and Congressional statues See 28 U.S.C. §1251, §1253, §1331, §1332.  US Constitution Article 3 Section 2 and there is a federal question of Truth in Lending Act, Real Estate Settlement Procedures Act,  12 USC § 38A, and federal foreclosure law.

16. The Defendants are all doing business in this State of Idaho.

17. The supposed contract in dispute was signed in this State of Idaho.

18. The Defendant(s) are attempting a Trustee Sale without proof of Standing.

19. The Land and improvements which are the subject matter of this case in question are in the state of Idaho.

20. Brenda :Burton and Steve Fritts are Native Americans and are requesting United States District Court herein after USDC Jurisdiction pursuant to Treaty Law.

21. The USDC has subject matter jurisdiction over commerce and real estate issues fall under commerce and money. See Jurisdiction defined by the Cornell School of Law.

22. The USDC has supplemental jurisdiction because of Title 28 Sec 13 62 and 67.

23. The USDC has supplemental jurisdiction because Aricle 1 Section 8 Clause 5 of the Constitution.

24. The USDC has supplemental jurisdiction because of Article 1 Sec 10.

25. The USDC has Jurisdiction because the dispute is about "securities Fraud"

26. The USDC has Jurisdiction because the action of Defendant(s) Crossed State Lines and this issue is now involving RICO.

27. The USDC has Jurisdiction because sought relief is over $75,000.

28. The USDC has Jurisdiction because of diversity.

## STATEMENT OF FACTS

29. On February 1st, 2008, Sterling J. Mortensen, signed a "Note" and a "Deed of Trust" and "Loan"

30. At this time Sterling Mortensen was very unlearned of law and how mortgages worked at that time.

31. Shortly after signing the "Note" and "Deed of Trust", On the News, in the papers there started being reports of mortgage fraud, securities fraud. See exhibit K.

32. At this time, there started being rumors about "MERS" and RECONTRUST, WASHINGTON MUTUAL, and many mortgages related companies being in trouble and fraud being involved in their loans.

33. The above reports started Sterling Mortensen, Brenda Burton and Steve Fritts to start studying "Mortgages", "Loans", "Notes" and "Deeds of Trusts", "MERS", "Washington Mutual", "Bank of America", RECONTRUST. SEE EXHIBITS , B, C, D, E,R,G, H, I, K AND Z

34. On October 16th, 2009, Sterling Mortensen was sent a letter from Amy Zillinger and Deedra Williams, not notarized it was a notice of Default saying she was signing for

RECONTRUST COMPANY, N.A.. RECONTRUST COMPANY, N.A. was not the Trustee at that time and this was a fraudulent letter. See exhibit Q.

35. On October 16th, 2009, Sterling Mortensen was sent a letter from Deedra Williams "Notice of Trustee's Sale" she says she works for RECONTRUST COMPANY, N.A., RECONTRUST COMPANY N.A. was not the Trustee on this date and this was a fraudulent letter. See exhibit Q.

36. The above mentioned Default and Trustee Sale were signed by Amy Zillinger and Deedra Williams and the letters say they are from California but, only the certificate of mailing is notarized and comes from California.

37. Amy Zillinger and Deedra Williams are living in Texas and RECONTRUST is not in good Standing in California nor Texas and letters are being sent across state lines that are Fraudulent. (Mail Fraud, Utter, Crimen False) See exhibits Q and Z.

38. On October 27th 2009, an appointment of Successor Trustee was Recorded the Trustee went form an unknown entity( this is a   RESPA violation) to RECONTRUST COMPANY.  It was notarized October 22, 2009 days after the Notice of Default and Trustee Sale notice proving the Notice of Default and Trustee sale were fraudulent.  See exhibits P, Q and R.

39. The appointment of Successor Trustee was fraudulent.  Who is BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP.  They are not mentioned on the Original Deed of Trust see exhibit A and have no authority to change Trustee.   Another Fraudulent Document from Defendants. Crimen Falsi and Utter

40. According to the Deed of Trust the Beneficiary was "MERS" and according to MERS web site, the beneficiary can never be changed from "MERS" so there can be no unbroken chain from lender to lender and trustee to trustee. See exhibit A, P, Q and R

41. On October 27, a CORPORATE ASSIGNMENT from an unnamed entity to BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP was recorded.  This document is also fraudulent.  According to RESPA and TILA, the documents must describe all parties involved and Stephen Gross was the Signatory for BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP and he is now the Assistant Secretary for "MERS". (Identity Fraud, Fraud by Conversion, Utter, Crimen Falsi) See exhibits P, Q and R

42. "MERS" has been found to have no beneficial interest and the Supreme Court of KANSAS, and Many other Courts have ruled that MERS can not assign Deeds of Trusts nor can they Change a Trustee or Beneficiary.  It has to be the "lender" who has beneficial interest or the original Trustee then Successor Lender and Successor Trustee have authority.  See exhibits I and DD

43. Stephen Gross works for BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP and he fraudulently signed the documents giving his company BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP the DEED of Trust and that no person from WASHINGTON MUTUAL ever assigned the "DEED OF TRUST" to him or any other company and all of the Documents in Exhibits P, Q and R are Fraud by conversion, Fraud by omission, Identity Theft Fraud.

44. These Three documents alone are a breach in the "Deed of Trust" contract which null and voids said contracts and Defendants have no authority to enforce the "Deed of Trust" and Foreclosure  See exhibits P, Q and R.

45. The Appointment of Successor Trustee is signed by Stephen Gross who says he is the Assistant Secretary of BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP.  In the Next letter he says he is the Vice President of MERS and he assigns the "Deed of Trust" to his own company.

46. On November 30th, 2010, Sterling Mortensen sent Defendants a Certified Request for Debt Verification Validation Pursuant to and through The Fair Debt Collections Practices Act 15 U.S.C. §§ 1692-1692p further known as the FDCPA.  See exhibit Y

47. The Debt Verification and Questions were Sterling Mortensen' notice of Default and NOTICE OF Trustee Sale sent middle of November.

48. Sterling Mortensen was not in Default.

49. With the request for Debt Verification were detailed questions to be answered by a qualified banker pursuant to and through 12 CFR 226.  See exhibit Y.

50. Plaintiffs had by now researched the mortgage industry and mortgage fraud and were asking specific questions the answer of which would expose DEFENDANTS, bank fraud, These questions were never answered. See Exhibits B, C, D, E, F, G H, I and K. (Please read exhibit K first)

51. According to the FDCPA, Defendants had 30 days in which to answer the questions in Exhibit Y or the debt was free and clear. There was no timely/Adequate Response. The "Note" and "Deed of Trust" were clear from this point on.

52. According to the Real Estate Settlement Procedures Act 12 U.S.C. 2601 et seq. further known as RESPA, Defendants had 60 days to answer the questions in Exhibit Y or the house was free and clear. There was no timely/Adequate response. The "Note" and "Deed of Trust" were clear from this point on.

53. On January 8th, 2010, Plaintiffs sent a Notice of Default with Opportunity to Cure. There was no Timely/Adequate response. This Satisfied the requirements of FDCPA, RESPA and the Truth and Lending Act 12 CFR 226 Regulation Z further own as Reg Z and the Truth and Lending Act 15 U.S.C. 1601, further known as TILA. By Their Silence, Defendants Acquiesced to the first Letter and offer of payment in Full and according to Idaho Code, Title 9 Evidence, Chapter 15 Tender and Receipt 9-1501, a "Written offer equivalent to tender. An offer in writing to pay a particular sum of money, or to deliver a written instrument or specific personal property, is, if not accepted, equivalent toe actual production and tender of the money, instrument or property." See exhibit Y

54. Defendant(s) were offered payment in full twice and there was no answer.

55. Pursuant to and through Idaho Code Title 9-15-1, the "Deed of Trust" and "Note" are satisfied and Defendants have no Standing to enforce the "Deed of Trust".

56. On January 8th, 2010, Sterling Mortensen Sent a Notice of Right to Cancel with addendum/Affidavit, there was no Adequate Response See exhibit Y. The Right to cancel is triggered after someone realizes that there were fraudulent dealing at closing and no Truth in Lending full disclosures.

57. Because the Deed of Trust contract had been breached in October and at Closing, On January 8th, 2010, Sterling Mortensen sent Defendants a Removal of Trustee and Beneficiary. There was no Response See exhibit Y.

58. Because the Deed of Trust contract had been breached in October, Sterling Mortensen Sent Defendants On January 8th, 2010, a rescission of Power of Attorney and Signatures on the "Deed of Trust". See TILA AND RESPA and exhibit Y. There was no response

COMPLAINT                          7 of 55

59. On February 10th, 2010, Plaintiffs received a letter that had false and misleading statements, (Crimen False, Utter) BAC and Michael N. DeAngelo did not try to send legible copies (they sent form letters that had some second page of a different letter superimposed on the letter) See exhibit L)

60. On of the False statements of the form letter DeAngelo said that Defendants had no Right to Cancel and that Plaintiffs had received full disclosure in the Truth and Lending Disclosure Statement. Further known as TILDS. The Fact that there were Three TILDS in the closing papers none of which were in the acceptable parameters of TILA and RESPA. See exhibits A, J, L, M and N.

61. The law states that the right to cancel is triggered by Truth in Lending full disclosure. This was one of the reasons Plaintiffs sent exhibits Y, EE and FF. There has still been no Disclosure so Sterling Mortensen exercised the right to cancel on January 8th, 2010. This was well within the 3 years a person has to find problems with their mortgage See RESPA and TILA.

62. Sterling Mortensen is not denying that he signed documents "Loan", "Note" and "Deed of Trust" on February 1st, 2008, Sterling Mortensen is claiming that he had no full disclosure, that fraud by Conversion, Fraud by inducement, Fraud by omission, Appraisal Fraud, Crimen Falsi, Utter, False Securities and Constitutional rights violations vitiate all contracts and that the above documents are null and void.

63. On February 14, 2010 a Default Judgment was Journaled by a Public Notary who noted there were no responses to the letters sent out in exhibit Y and that ACCORDING TO TITLE 5 of the U.S.C, administrative remedies, the Defendants owed Plaintiffs as follows: ADJUSTED TRUE BILL: $2,556, 772.26, USD per Defendant COUNTRYWIDE BANK, FIDELITY NATIONAL TITLE INSURANCE CO, BANK OF AMERICA, "MERS', RECONTRUST COMPANY AND BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, FOR A SUM CERTAIN $15,340, 633.56. Brenda Burton and Steve Fritts are asking for Clear Title to the home they purchased from Sterling Mortensen. This is a True Bill. Plaintiffs reserve the right to adjust this true bill and ledgering upon discovery. SEE EXHIBIT X.

64. On March 9, 2010, Sterling Mortensen exercised his right as the Trustor in the "Said Deed of Trust" and Placed Brenda Burton as the New Beneficiary of Said Deed, Replacing MERS. See exhibit U

65. On March, 9, 2010, Brenda Burton, as successor Beneficiary, Put Steven Ray Fritts as the Successor Trustee he replaced FIDELITY NATIONAL TITLE INSURANCE CO., and RECONTRUST COMPANY, N.A. See Exhibit T.

66. On March 9, 2010 Sterling Mortensen Quit Claimed said property to Brenda Burton and Steve Fritts without warranty.

67. On March 9th, 2010 Steve Fritts and the newly appointed Trustee, Reconveyed said property back to Sterling Mortensen. See exhibit V

68. On 3-12-2010 a FBI PACKET was sent to the FBI and all Defendants with the exhibits A-Z. See exhibit EE. There was no response.

69. On April 4th,2010 Plaintiff's sent a last letter trying to remedy the situation with Defendants. There has been no answer. See exhibit FF

70. PLAINTIFFS have exhausted their administrative remedies.

71. By Defendants Silence, Defendants agree they owe Plaintiffs ADJUSTED TRUE BILL:   $2,556, 772.26, USD per Defendant COUNTRYWIDE BANK, FIDELITY NATIONAL TITLE INSURANCE CO, BANK OF AMERICA, "MERS', RECONTRUST COMPANY AND BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, FOR A SUM CERTAIN $15,340, 633.56. This is a True Bill.

# Statement of Cause

72. Defendant(s) by and through his/her purported Substitute Trustee, RECONTRUST COMPANY N.A. initiated a foreclosure action against Plaintiff(s) by filing documents with the county recorders office, having failed to comply with the requirements of Idaho Code Title 41 Chapter 3336  proof of Claim, and therefore, and the requirements of a Trustee Sale. The documents recorded were fraudulent.

73. Defendant's Trustee, RECONTRUST COMPANY N.A. was NOT lawfully put in as Trustee since the Party who put them in as Substitute Trustee was "MERS" who has no beneficial interest and can not act as 'nominee for lender" see IN THE SUPREME COURT OF THE STATE OF KANSAS No. 98,489, and the LANDMARK NATIONAL BANK, Plaintiff/Appellee, v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. lawsuits. Exhibits I, Z and DD.

74. Defendant's Substitute Trustee, RECONTRUST COMPANY N.A. is not the Substitute Trustee was removed on or about March 9, 2010.F

75. Defendant's Substitute Trustee, RECONTRUST COMPANY N.A. caused to be initiated the foreclosure with full knowledge that the foreclosure was frivolous as "Lender" BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP they represented was also put in by BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP and "MERS" and had no standing nor authority to do so.

76. Defendant(s), "RECONTRUST" and "MERS" are not in good standing in Idaho, California or Texas.  See exhibit Z

77. "MERS" and the mortgage industry are in collusion to foreclose on as many homes as possible without proof of claim.

78. RECONTRUST was sending their letters from Texas but pretending to be in California. See exhibit AA.

79. "MERS" is in collusion with other Mortgage companies See exhibit BB.

80. COUNTRYWIDE BANK, FSB who was the original "Lender" was prosecuted for mortgage fraud and is no longer in business.

81. Plaintiff(s) requested from all Defendant(s) a chain of command of what happened to the "Original Lender" COUNTRYWIDE BANK, FSB and "Original Trustee" FIDELITY NATIONAL TITLE INSURANCE CO the Original "Beneficiary" "MERS" (we challenged "MERS" as the beneficiary after reading the "MERS"/Landmark case), Plaintiffs asked who then was the lender, the trustee, the Beneficiary…no answers were forthcoming.

82. Plaintiffs demand to know who Defendants are and specifically what standing defendants have with Plaintiff(s) "Note"/"Deed of Trust" There was no answer.  See exhibits A, J, Y, EE and FF.

83. Plaintiff(s) would like an accounting from BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP and what specifically they have to do with the "Note", "Deed of Trust" and who put them in as "Substitute Lender".

84. After careful reviewing of all Document(s) filed at the County Recorders office, it seems that the Recorders Office is allowing recordings from the "Mortgage" Companies,

"Trustee", "Beneficiaries", and "Security" Companies to be ambiguous as to WHO the "Holder of the Note is the Lender" and Beneficiary is.

85. Many times when recording Substitution of Trustee's, Assignment of Deeds, the signing party does not identify themselves with an address for communication and many times the Assigned party is not given an Address, Sometimes this happens on the Deed of Trust itself.  This clouds the "Deed of Trust" and "Note" enough to make it null and void.

86. This is what "MERS" and BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP did on the  "The Assignment of Deed" and the "Substitution of Trustee".   Plaintiffs have no idea which company assigned the Trustee it was not anyone from the original Deed of Trust and the Assignment of Deed of Trust appears to be done by the same company receiving the Deed of Trust (RESPA, TILA, SECURITIES FRAUD, CRIMEN FALSI, UTTER, FRAUD BY CONVERSION, FRAUD BY OMISSION.  See Exhibits K, G, C and D

87. "MERS" gives no mailing address of where they are and how to contact them.  Plaintiffs called the comptroller for Texas and the comptroller said "MERS" nor RECONTRUST COMPANY N.A. have no business license in the State of Texas and con not be sending letters across state lines.  See Exhibit P, Q, R,  Z and AA and CC.

88. In exhibit CC, RECONTRUST COMPANY sent out legal notice before they were fraudulently put in as substitute trustee and according to RESPA, FDCPA, and TILA, all letters must be signed. Violations of RESPA, FDCPA, TILA, AND FDIC act.

89. Plaintiff(s) requested debt verification and made demand that all Defendant(s) make the contract, on which their fraudulent claims were made, available for inspection by Plaintiff(s) as required under Uniform Commercial Code 3-501, FDCPA, RESPA AND Idaho Code Title 41 Chapter 3336. There was no response. See exhibit Y

90. The Deed of Trust is simply a security agreement, which Sterling Mortensen was induced to fraudulently signed because Defendants(s) failed to disclose all information about the "Note" and the "application" and the "deed of Trust" and Hidden fees not disclosed at the time of closing.  Read 14 USC 78 c Section 10. That the Promissory Note is a Security and not a promissory note.  A promissory note can not exceed the life span of nine moths.  Sterling Mortensen signed and created a thirty-year note.  The note

is not a "promissory note", it is a security instrument. See Exhibit A, Exhibit B, Exhibit G

91. Defendants failed to disclose to Sterling Mortensen the "Note" and/or "Deed of Trust" would be put into a trust that manages mortgaged back securities and that a account would be set up in Sterling Mortensen's name with a asset account in Sterling Mortensen's name for the amount of the "Loan", "Note and or "Deed of Trust" and dividends from the hedge funds and trusts would go in said accounts and show up as a positive asset for Sterling Mortensen. None of this was disclosed nor has any of these funds been made available to Sterling Mortensen. See Exhibit C, D, G

92. There was no full disclosure at closing and none of the Defendant(s) were at closing to explain the "Loan Process" to Plaintiff(s) and no one explained that the "Note" and the signature on the "Note" paid for the funds that satisfied the debt and fraudulently induced Plaintiff(s) into signing the "Deed of Trust" which placed the disputed property into the control of undeserving 3rd Parties. See exhibits C, D, G and K

93. For Defendants failure to disclose said accounts, profits, the true nature of the "Note, "Deed of Trust and "Loan" and the nature of said accounts and investments, Sterling Mortensen had the right to cancel the security agreement "Deed of Trust" for failure to disclose, which is a violation of Regulation Z. Non disclosure is also a violation of the Code of Federal regulations 12 CFR 226.23 See Exhibits A, C, D and G.

94. Code of Federal regulations 12 CFR 226.23 does state that it s not applicable for mortgages (a deed of trust is not a mortgage), except in case of fraud. Fraud vitiates all contracts. Defendant(s) silence is Defendant(s) agreement to the fraud, see U.S. vs Tweel. Defendant(s) have breached the "Deed of Trust" contract by not having a qualified banker answer the questions in the first presentment point by point in affidavit form nor having said banker answer the questions in the Default with Opportunity to cure and the questions included in the FBI packet, and the Last letter sent April 3, 2010. See exhibits Y, EE and FF.

95. Defendants failed to explain to Sterling Mortensen that According to the Uniform Commercial Code the funding source belongs to the signer but Respondent(s) didn't disclose that to affiant(s). The promissory note has no validity until affiant(s) sign it. The funding source to the promissory note is exclusively to the signer(s) and since affiant(s) are the only person(s) that signs it its affiant(s) note. See exhibits D, and G

96. Defendants failed to explain that the funding source was Sterling Mortensen's Signature, UCC 8-102 tells about the entitlement right to the funding source which is affiant(s) signature. See Exhibits A, J, B, C, D and G

97. Defendants failed to explain that before signing the Deed of Trust that the Property was Sterling Mortensen's Property and was Free and Clear of all encumbrances and that when Sterling Mortensen Signed the Deed of Trust, instead of being the full outright owner he became a Tenant and The "Deed of Trust" is the Security Agreement that allows Respondent(s) to evict Affiant(s). . If the "Deed of Trust" signatures are rescinded then you cannot evict Affiant(s). See Exhibit Y.

98. COUNTRYWIDE BANK, FSB, acting in concert and collusion with others, induced Plaintiff(s) to enter into a predatory loan agreement with Plaintiff(s).

99. COUNTRYWIDE BANK, FSB, BANK OF AMERICA (BOA), FIDELITY NATIONAL TITLE INSURANCE CO., BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP,MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, "MERS", RECONTRUST COMPANY, N.A. numerous acts of fraud against Plaintiff(s) in furtherance of a carefully crafted scheme intended to defraud Plaintiff(s).

100. COUNTRYWIDE BANK, FSB, BANK OF AMERICA (BOA), FIDELITY NATIONAL TITLE INSURANCE CO., BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP,MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, "MERS", RECONTRUST COMPANY, N.A. failed to make proper notices to Plaintiff(s) that would have given Plaintiff(s) warning of the types of tactics used by Defendants to defraud Plaintiff(s).

101. COUNTRYWIDE BANK, FSB, FIDELITY NATIONAL TITLE INSURANCE CO and "MERS" charged false fees to Plaintiff(s) at settlement.

102.FIDELITY NATIONAL TITLE INSURANCE CO and COUNTRYWIDE BANK, FSB and "MERS" used the above referenced false fees to compensate agents of Defendant(s) in order to induce said agents to breach their fiduciary duty to Plaintiff(s).

# In Brief

(Non-factual Statement of Posture and Position)

103. It is not the intent of Plaintiff(s) to indict the entire industry.  Plaintiff(s) will be making a number of allegations that, outside the context of the current condition of the real estate industry, may seem somewhat outrageous and counter-intuitive.

104. When defendant(s) ask questions to the Plaintiff(s) and the Plaintiff(s) do not respond then default judgments seem to be granted readily, when the Plaintiff(s) under the law ask questions of the Defendant(s), Defendant(s) seem to think they are above the law and accuse Plaintiff(s) of getting schemes off of the internet and such and the Defendants(s) do not feel they have to reply.  The United States Supreme Court says "when a party has the duty to speak and they remain silent then fraud can be meant to be perpetrated".  See US vs Tweel.

105. When Plaintiff(s) accuses Defendant(s) of acting in concert and collusion with an ongoing criminal conspiracy, it tends to trigger an incredulous response as it is unreasonable to consider that all Agents, loan agents, appraisers, and other ordinary people, just doing what they have been trained to do, are out to swindle the poor unsuspecting borrower.

106. The facts Plaintiff(s) is prepared to prove are that Plaintiff(s) has been harmed by fraud committed by all Defendants concert and collusion, one with the other.  Plaintiff(s) have reason to believe that the Agent, loan officer, appraiser, bank, lender, beneficiary, trustee, servicers and others are consciously aware that what they are doing is part of an ongoing criminal conspiracy, and that they can be accused of RESPA Violations, FDCPA, TILA, UTTER, Crimen Falsi, Fraud and Deceit, Identity Fraud, Mail Fraud, Fraud by Conversion, Fraud by omission and many other State, Federal and UCC violations.

107. Many of the Defendants actions crossed state lines and falls under RICO.

108. Carefully Crafted Criminal Connivance

109. (General State of the Real Estate Industry)

# CAREFULLY CRAFTED CRIMINAL CONNIVANCE

*(General State of the Real Estate Industry)*

# The Best of Intentions

110. President Clinton's administration, under the guise of making housing available to the poor, primary protections were relaxed which had the effect of releasing the money changers on us all. See modern money mechanics and the Gramm-Leach-Bililey Act.

111. With the protections removed, the money changers swooped in and, instead of making loans available to the poor, they used the "Note" and "Sterling Mortensens" signature to "Loan the "Sterling Mortensens" own money back to "themselves". There was NO MONEY LOANED, and no consideration or chance of loss on the "Banks" part.

112. WaMu, COUNTRYWIDE BANK, FSB and Bank Of America and BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, and many others swooped in and convinced Americans to sell their homes or refinance their home, get out of the "safe" "mortgage agreements", and speculate with the equity in their homes by purchasing homes they could not afford. The Banks appraisers, appraised the Home owners homes well above the homes true value and caused upside down "Mortgages". COUNTRYWIDE BANK, FSB did this. Lenders created "loans" intended to fail as, under the newly crafted system, the Lender profited more from a mortgage default than from a stable "loan". Now Plaintiffs know the Signature/"Note" funds the entire mortgage....this shows more fraud and deceit on the "Lenders" side and the theft of Home owners property and is unconstitutional and unconscionable.

113. Companies cropped up who called themselves banks when, in fact, they were only either subsidiaries of banks, or unaffiliated companies that were operated for the purpose of creating and selling promissory notes, bundling these (Security) instruments and selling them to Hedge funds, over inflating their value the "WaMu" and Countrywide cases on TV are a prime example.    Then the "Lender", "trustee" and Substitute Trustee" profiting from the foreclosure of the homes, then profiting from the failure of the underlying loans bad loans "Countrywide bank" on TV now. HELLO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP and RECONTRUST COMPANY N.A., "MERS" we are talking about you here.

# FRAUD AND DECEIT

114. If you look under Idaho Code Title 30-14-501. GENERAL FRAUD. "It is unlawful for a person, in connection with the offer, sale or purchase of a security, directly or indirectly:

a.   To employ a device, scheme, or artifice to defraud; or

b.   To make an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; or

c.   To engage in and act, practice or course of business that operates or would operate as a fraud or deceit upon another person.  See Title 15 U.S.C. We didn't even know we were signing a security instrument…

115. Because of the fraud, Sterling Mortensen places a Demand Notice/Complaint for rescission of agreement induced by the fraud.  See exhibits Y and FF.

116. Sterling Mortensen signed a "Deed of Trust", he was led to believe he was getting a mortgage.

117. Sterling Mortensen was led to believe he was borrowing "Money".

118. Sterling Mortensen was led to believe the "Mortgage Company lent him "Money" from an account at the "Bank" that was the banks "Money" and if the "Bank" and or "Mortgage Company" were not paid they "Bank", "Mortgage Company" would lose assets and or "Money". See exhibits C,E , F and G

119. To have a Security Instrument Title 15 U.S.C, both parties must sign the agreement. Sterling Mortensen was the creator of the "Note", the Creator of the "Deed of Trust", the Grantor and the Trustor.  The trustee(s) did not follow their fiduciary duty and did not give Trustor, Grantor, Plaintiff(s) any full disclosure.

120. Because of the Fraud, Sterling Mortensen is asking for CLAIM: ADJUSTED TRUE BILL:   $2,556, 772.26, USD per Defendant COUNTRYWIDE BANK, FIDELITY NATIONAL TITLE INSURANCE CO, BANK OF AMERICA, "MERS', RECONTRUST COMPANY AND BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, FOR A SUM CERTAIN $15,340, 633.56.  This is a True Bill.  Brenda Burton and Steve Fritts are asking for Clear Title to the home they purchased from Sterling Mortensen.

121. The bank Misrepresented itself and used misleading statements, Claims, banking procedures to secure the "Deed of Trust" and then give undeserving third parties a interest in "Plaintiff(s) property. "MERS" and some Security invest company we do not know how or whom… Fraud pertaining to hidden costs at closing.

122. Fraud pertaining to hidden costs at closing if you look at the Truth in Lending Statements and the HUD one Settlement Statement and the "Note, The Costs are not in the legal parameters allowed by TILA. See exhibits M and N.

123. Fraud where the agents did not disclose the entire "Loan Process". See exhibit K

124. Fraud in transfer of promissory note – Misrepresentation as to "Lender" and or "Holder of the Notes" identity – Crimen Falsi (Did the Trustee keep the "Note" and "Deed of Trust" together, for the purposes that Mike Faulkner thought, to secure a "Loan" or did the "Note" and or "Deed of Trust" get Securitized and bundled with other like instruments?) – See exhibits C, D and G.

125. Securities fraud because "Lender", "Servicer", "Trustee", "MERS" and or other parties known or unknown have sent several exact copies of the signed "Note" and "Deed of Trust" to Plaintiff(s) and Defendant(s) and this is securities fraud. See Exhibits A and

126. These instruments were sent across State Lines which falls under RICO

127. False Representations made by Defendant(s) agents such as hidden closing costs, no full disclosure of the Mortgage Process, the nature of the "Loan" and our closing papers had three TILDS (Truth In Lending Disclosure Statements) and the TILDS Statements were not in the acceptable range to meet TILA AND RESPA requirements. See exhibits M and N.

128. If Sterling Mortensens Deed of Trust is indeed a Security Instrument created by him, why then did he not get paid any of the gains from said instrument being sold over and over to retirement funds and Hedge funds and Bundled Securities instruments? See exhibit K and G.

129. It is obvious Plaintiffs are challenging and were challenging the loan Process and Defendant(s) did Not follow U.S.C.Title 15 nor did they follow UCC 1-501 nor did they follow FDCPA or RESPA. Once debt or instrument is challenged then all collective activity must stop until "the debt is proven and the holder of the instrument is proven to have standing to collect and or all collection activity must stop"

130. Sterling Mortensen agrees he signed a "Loan", a "Note", and a "Deed of Trust", he is not challenging that he did so he is saying he was fraudulently induced to do so and was not given full disclosure at closing nor was he fully disclosed all of the hidden fees and the back in cost of putting any fees into the loan for 30 years

131. By their Silence, the Defendant(s) have agreed they have committed "Fraud and Deceit" see US vs Tweel.

132. By the Defendant(s) actions, undeserving Third Parties gained a Security Interest in Plaintiff(s) home, "Trusts", "Hedge Funds", "Wall Street", "MERS".

133. Defendant(s) knowingly misrepresented the "Loan", "mortgage Process" and when challenged say that is how the bank do it and the Defendant(s) did this with a reckless disregard for it truth or falsity.

134. Idaho Code Title 9-505 was violated through concealment of material facts.

135. If both parties were suppose to have consideration and gain and loss then this would be a bilateral agreement and Defendant(s) did not sign any agreement with Plaintiff(s).  See Hunt v Hunt 110 Idaho 649, 718 p2d 560 (Ct. App. 1985)

136. Idaho Code Title 9-503 the Transfer of Real property must be in writing.  Sterling Mortenn thought the "Lender" or the "Trustee) was the holder of the Note at all times and did not receive any documentation otherwise this was the Trustees (FIDELITY NATIONAL TITLE INSURANCE CO, AND RECONTRUST COMPANY, N.A.) and Lenders fiduciary responsibility and Defendants must record any such transfer at the County Recorders (oh yeah, non of the Lenders or Trustees wanted any of the "borrowerS" to know that "Lenders" and "Trustee" were making a killing on wall street with the "Sterling Mortensens instruments".

137. The involvement of "MERS" has clouded this "Note", "Deed of Trust" to the point that any agreement supposed or in writing is null and void nunc pro tunc.

138. Plaintiff(s) understand that mortgages can be sold across state lines and such but, Sterling Mortensen was not sold a mortgage he was made to sign a Security Instrument that was sold to of Hedge Funds, Retirement Funds and the such and this Falls under Security Instruments and Plaintiff(s) do not believe the "Lender" or Defendant(s) have a Security License in the State of Idaho.

139. COUNTRYWIDE BANK, FSB, BANK OF AMERICA, FIDELITY NATIONAL TITLE INSURANCE CO, BAC HOME LOANS SERVICING    LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, Mortgage Electronic Registration Systems "MERS", RECONTRUST COMPANY N.A. do not have business licenses of in the state of Idaho.

140.. By Defendant(s) misrepresentation Sterling Mortensen was induced into signing documents that gave undeserving third parties a security interest in his property and home the "Note" and the "Deed of Trust" are his property also and undeserving third parties did get a security interest in said property

141. The unsuspecting consumer was lulled into accepting the pronouncements of the Agent, the lenders, appraisers, underwriters, and trustees and servicers as all were acting under the cover of government regulation.

# How it works

142. Briefly, how it works is this, the "Lender" would secure a large loan from a large bank but the bank just gave the "Borrower" value for value of the "Promissory note" but then, convert that loan into 20 and 30 year mortgages, "Lent the "Borrowers" Money back to them" then sell the promise to pay to an investor.  Thus not being the holder of the note...this will be proven during this case.

143. An agent, would contract with a seller to find a buyer, then bring both seller and buyer to a "lender" who would secure the title from the seller using the funds "borrowed" for that purpose then trade the title to the buyer in exchange for a promise to pay a certain amount over a stipulated term.  The lender, however, has created a 20 or 30 year mortgage with the fake money therefore, as soon as the closing is consummated, the promissory note is pooled together with others and sold to an investor because the note was paid in full and not owed.  All of the house payments are gravy and the Mortgage company/bank does not file these profits with the IRS.

144. The lender signed over the promissory note to the investor at the time of the trade, but did not sign over the lien document.  The State of Kansas Supreme Court addressed this issue and stated that such a transaction was certainly legal, however, it created a fatal flaw in that, the holder of the lien document, at time of sale of the security instrument, received consideration in excess of the lien amount, and therefore, the lender could not be harmed and **the lien became a void document**.  So you can not foreclose....get it.

145. Once the "Note" and "Deed of Trust" were separated, then the Lender could not collect on them and had no authority to foreclose.

146. Once the "Note" was satisfied through the Treasury, Look at Allonges on the note then it was not collectable. Fraud by Conversion.

147. This begs a question, if keeping the lien would render it void, why would the lender not simply transfer the lien with the promissory note?  As always, follow the money.  The lender will hold the lien for three years, file an Internal Revenue Form 1099a, claim the full amount of the lien as abandoned funds, and deduct the full amount from the lender's tax liability.  The lender, by this maneuver, gets consideration a second time and still the lender is not done profiting from the deal.

148. After sale of the promissory note, the lender remains as the servicer for the investor.  The lender will receive 3% of each payment the lender collects and renders to the investor pool.  However, if the payment is late, the lender is allowed to assess an extra 5% and keep that amount.  Also, if the loan defaults, the lender stands to gain a considerable amount for handling the foreclosure. .  (The Trustee's get on a average of $55,000 for each foreclosure what an incentive to default peoples homes)

149. The lender and servicers and Trustees Defendants, stand to profit far more from a note that is overly expensive in the first instance, then slow to pay in the second, then ultimately fails in the third, than from good stable "loan".  And where, you may ask, does all this profit come from?  It comes from the equity the lender convinced the borrower to invest in the new purchase, and still the lender is not finished profiting from the deal.

150. The last nail was driven in the American financial coffin on the last day of Congress in 2000 when they removed a restriction that had been in place since the economic collapse of 1907.  At that time, investors were allowed to bet on stocks without actually buying them.  This unbridled speculation lead directly to an economic collapse so the legislature banned the practice, until the year 2000.  The money changers got their way on the last day, the last act of the session, when congress opened the process against and it took only 8 years to crash the stock market again.

151. The Defendant(s) was not done profiting from the loan Defendants created Defendants were then free to bet on the failure of the security "See the Goldman and Sacks Lawsuit today".

152. The unsuspecting consumer was lulled into accepting the pronouncements of the Agent, the lenders, appraisers, underwriters, and trustees and servicers as all were acting under the cover of government regulation. Unfortunately, the regulations in place to protect the consumer from just this kind of abuse were simply being ignored. All "Defendant(s)" are ignoring the law.

153. The loan origination fee from line 801 of the HUD1 settlement statement is the finder's fee paid for the referral of the client to the lender by a person acting as an agent for the borrower. Hereinafter, the person or entity who receives any portion of the yield spread premium, or a commission of any kind consequent to securing the loan agreement through from the borrower will be referred to as "Agent." The fee, authorized by the consumer protection law is restricted to 1% of the principal of the note. It was intended that the Agent, when seeking out a lender for the borrower, would seek the best deal for his client rather than who would pay him the most. That was the intent, but not the reality. The reality is that Agents never come away from the table with less than 2% or 3% of the principal. This is accomplished by undisclosed fees to the Agent in order to induce the Agent to breach his fiduciary duty to the borrower and convince the borrower to accept a more expensive loan product that the borrower qualifies for. This will generate more profits for the lender and, consequently, for the Agent. "Not disclosing that the "Borrowers" 'Note" funded the whole thing to begin with the "Bankers", "Mortgage companies" would not even pretend to follow the FDCPA, , RESPA and TILA in their pretense there is a "Mortgage" and or "Deed of Trust"

154. It is common practice for lenders like COUNTRYWIDE BANK, FSB to coerce appraisers to give a higher appraisal than is the fair market price. This allows the lender to increase the cost of the loan product and give the impression that the borrower is justified in making the purchase. This is what COUNTRYWIDE BANK, FS Bdid to us the Plaintiff(s) besides our note satisfying the debt at closing.

155. The COUNTRYWIDE BANK, FSB and its agents then charges the borrower an underwriting fee in order to convince the borrower that someone with knowledge has gone over the conditions of the note and certified that they meet all legal criteria.

156. The entire loan process is a carefully contrive connivance designed and intended to induce to unsophisticated borrower into accepting a "loan product" that is beyond the

borrowers means and Defendants do not disclose what Security Instrument means nor that the "Borrower(s) signature funded their own "Loan".

157. The trustee, FIDELITY NATIONAL TITLE INSURANCE CO. at closing, participates actively in the deception of the borrower by placing undue stress on the borrower to sign the large stack of paperwork without reading it. The trustee is, after all, to be trusted and has been paid to insure the transaction. This trust is systematically violated for the purpose of taking unfair advantage of the "borrower".

158. **FIDELITY NATIONAL TITLE INSURANCE CO.,** has injured Sterling Mortensen by not keeping Sterling appraised of where his "Deed of Trust" and "Note" were at all times.

159. **FIDELITY NATIONAL TITLE INSURANCE CO.** also injured Sterling Mortensen by not explaining the hidden fees at closing.

160. **FIDELITY NATIONAL TITLE INSURANCE CO.,** did not have Sterling Mortensen sign the "Loan" Check at closing, some how, somewhere, Sterling Mortensen gave the "Lender" and the "Trustee" power of attorney and Defendants and or one of their agents, signed the "Loan" check at closing. This is fraud by identity theft.

161. With all this, it should be a surprise to no one that this country is having a real estate crisis.

# Plaintiff(s) Will Prove the Following

Plaintiff(s) is prepared to prove, by a preponderance of evidence that:

162. "Defendants" have no legal standing to bring claims in collection or foreclosure against the property; and the foreclosure there is a Fraudulent Foreclosure eminent.

163. None of the Defendant(s) are a real party in interest in any contract which can claim a collateral interest in the property;

164. The "Note" and "Deed of Trust" are in a Security "Trust," being traded and making a lot of money for undeserving third parties.

165. Even if Defendants were to prove up a contract to which Lender had standing to enforce against Plaintiff(s), no valid lien exists which would give Lender a claim against the property; There is no valid contract.

166. The "Note" and "Deed of Trust" were separated and this makes the Deed of Trust unenforceable and the Note Satisfied

167. Even Defendnats were to prove up a contract to which RECONTRUST COMPANY, N.A. had standing to enforce against Plaintiff(s), said contract was fraudulent in its creation as endorsement was secured by acts of negligence, common law fraud, fraud by non-disclosure, fraud in the inducement, fraud in the execution, usury, and breaches of contractual and fiduciary obligations by Mortgagee, Lender, Beneficiary or "Trustee" on the Deed of Trust, "Mortgage Agents," "Loan Originators," "Loan Seller," "Mortgage Aggregator," "Trustee of Pooled Assets," "Trustee or officers of Structured Investment Vehicle," "Investment Banker," "Trustee of Special Purpose Vehicle/Issuer of Certificates of 'Asset-Backed Certificates,'" "Seller of 'Asset-Backed' Certificates (shares or bonds)," "Special Servicer" and Trustee, respectively, of certain mortgage loans "Deeds of Trusts", pooled together in a trust fund; and lending fraud.

168. Defendants have concocted a carefully crafted connivance wherein Lender conspired with Agents, et al, to strip Plaintiff(s) of Plaintiff(s)'s equity in the property by inducing Plaintiff to enter into a predatory loan inflated loan product; COUNTRYWIDE BANK, FSB did this to Plaintiff(s) along with the Bank fraud they committed to "Lend" Borrowers" own money back to himself as a "Loan".

169. COUNTRYWIDE BANK, FSB, BANK OF AMERICA, BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, received unjust enrichment in the amount of 5% of each payment made late to Lender while Lender and Lender's assigns acted as servicer(s) of the note;

170. COUNTRYWIDE BANK, FSB, BANK OF AMERICA, BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, FIDELITY NATIONAL TITLE INSURANCE CO, "MERS" AND RECONTRUST COMPANY, N.A. and assigns profited by handling the foreclosure process on a contract Lender designed to default;

171. COUNTRYWIDE BANK, FSB, BANK OF AMERICA, BAC HOME LOANS SERVICING, OP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, defrauded Investors (Hedge Fund) and Sterling Mortensen by converting the promissory note Sterling Mortensen created that Lender intended to default, then converting said

promissory note to a security instrument and selling same to Investor while still servicing the "Loan";

172. Defendant(s) intended to fraud Investor and the taxpayers of the United States by withholding the lien document from the sale of the promissory note in order that Lender could then hold the lien for three years, then prepare and file Internal Revenue Form 1099a and falsely claim the full lien amount as abandoned funds and deduct same from Lender's income tax obligation;

173. Defendant(s) defrauded backers of derivatives by betting on the failure of the promissory note the lender designed to default; See Countrywide bank, fsb, WaMu and Goldman and Sacks Lawsuits.

174. Participants COUNTRYWIDE BANK, FSB, BANK OF AMERICA, BAC HOME LOANS SERVICING, OP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, defrauded Investor (Hedge Fund) and Sterling Mortensen by converting the promissory note Sterling Mortensen created that Lender intended to default, then converting said promissory note to a security instrument and selling same to Investor while still servicing the "Loan";

175., COUNTRYWIDE BANK, FSB, BANK OF AMERICA, BAC HOME LOANS SERVICING, OP, FKA COUNTRYWIDE HOME LOAN SERVICING LP et al, in the securitization scheme described herein have devised business plans to reap millions of dollars in profits at the expense of Plaintiff(s) and others similarly situated.

176. Defendant(s) defrauded backers of derivatives by betting on the failure of the promissory note the lender designed to default; See The Goldman and Sacks Lawsuit, Countrywide and WaMu.

# PLAINTIFF(s) Seeks Remedy

177. In addition to seeking compensatory, consequential and other damages, Plaintiff(s) seeks declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory note executed at the time of the loan closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Plaintiff(s), and A Mandatory Injunction requiring re-conveyance of the subject property to the Plaintiff(s) or, in the alternative a Final Judgment granting Plaintiff(s) Quiet Title in the subject property.

178. CLAIM: ADJUSTED TRUE BILL:     $2,556, 772.26, USD per Defendant COUNTRYWIDE BANK, FIDELITY NATIONAL TITLE INSURANCE CO, BANK OF AMERICA, "MERS', RECONTRUST COMPANY AND BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOAN SERVICING LP, FOR A SUM CERTAIN $15,340, 633.56.  This is a True Bill.  Brenda Burton and Steve Fritts are asking for Clear Title to the home they purchased from Sterling Mortensen.

# Statement of factual Accusation

Plaintiff(s) alleges each of the following to be true and accurate to the best of Plaintiff(s)'s knowledge and belief:

## *Conspiracy Between Agent and Lender*

179. COUNTRYWIDE BANK, FSB., conspired with FIDELITY NATIONAL TITLE INSURANCE CO. to induce Agents to violate Agent's fiduciary duty to Plaintiff(s) while acting as an agent for Plaintiff(s) in securing a lender to provide funds to purchase a residential property, hereinafter referred to as "the Property," or "Property," to be used as the primary residence of Plaintiff(s) .

180. Agents and Lender also known as Defendants, in acts of fraud by non-disclosure, assured Sterling Mortensen that the loan product would be far less costly than counter defendants knew said loan product would turn out to be.

181. COUNTRYWIDE BANK, FSB AND FIDELITY NATIONAL TITLE INSURANCE CO, in an act of common law fraud, represented the property, the current real estate market, the loan product of Lender, and other conditions of the prospective purchase as far more favorable than they actually were. (the house is worth less than 500 thousand dollars now).

182. Agent and Lender, in acts of fraud by non-disclosure, assured Plaintiff(s) that the loan product would be far less costly than defendants knew said loan product would turn out to be.

183. Agents, conspired with FIDELITY NATIONAL TITLE INSURANCE CO. and COUNTRYWIDE BANK, FSB to receive commissions in excess of the 1% maximum allowed by the Real Estate Settlement Procedures Act, in return for Agent's breach of Agent's fiduciary duty to Plaintiff(s) by inducing Plaintiff(s) to accept a loan product