UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENDA BURTON, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>COUNTRYWIDE BANK, FSB, et al,<br><br>　　　　　　Defendants. | Case No. 1:10-CV-00298-EJL-LMB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

　　　　On March 1, 2012, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation (Dkt. 54) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

　　　　Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id*. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

**ORDER ADOPTING REPORT AND RECOMMENDATION- 1**

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).  In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation. The Court did, however, review the Report and Recommendation and the record in this matter and finds the Report and Recommendation to be well-founded in the law based on the facts of this particular case.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 54) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED**:

1. Defendants' Motion to Dismiss (Dkt. 18) is GRANTED IN PART. Plaintiffs' Amended Complaint (Dkt. 10) is DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE as to all claims <u>except</u> Plaintiffs' First and Second Causes of Action, Breach of Fiduciary Duty, and Fourth Cause of Action in part, as set forth in the Report and Recommendation.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 2**

2. Plaintiffs shall file a Second Amended Complaint in accordance with the limitations and direction in the Report and Recommendation. The Second Amended Complaint shall set forth their remaining claims with thirty (30) days from the date of this Order. Plaintiffs' failure to file a Second Amended Complaint within thirty (30) days will result in a termination of this action as to all claims.

3. Plaintiffs' Motion for In Rem proceeding (Dkt. 38) is DENIED AS MOOT.

DATED: **March 22, 2012**

*[signature]*

Honorable Edward J. Lodge
U. S. District Judge