UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING MORTENSEN, and MAUREEN MORTENSEN,<br><br>                    Plaintiffs,<br><br>     v.<br><br>BAC Home Loans Servicing, LP; Bank of America, N.A.; Countrywide Home Loans Servicing, LP; ReconTrust Company, N.A.; Countrywide Bank, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc.; JOHN & JANE DOE ENTITIES, I-THRU-X, are Unknown Companies/Corporations involved with the Mortgage Industries; JOHN & JANE DOE, Unknown Individuals, I-thru-XX,<br><br>                    Defendants. | Case No. 1:10-cv-298-EJL-LMB<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

On March 1, 2012, the undersigned issued a Report and Recommendation (Dkt. 54) that this matter be dismissed without prejudice which was adopted on March 22, 2012. Attempting to cure the deficiencies of the previous complaint, on April 20, 2012, Plaintiffs filed a Second Amended Complaint. (Dkt. 58).

Defendants now move to dismiss the Second Amended Complaint with prejudice. (Dkt. 59). Having considered the issue fully, the Court now issues the following Report and Recommendation that Plaintiffs' claim be dismissed with prejudice.

## BACKGROUND

This action arises out of the non-judicial foreclosure of Plaintiff Sterling Mortensen's residence located at 4282 N. Forest Meadow Ave in Boise, Idaho ("the property"). In February 2008, Mortensen executed a promissory note (the "Note") in the amount of $640,000 with Countrywide Bank, FSB, secured by a Deed of Trust on the property. (2d Am. Complaint., ¶¶ 1.0, 3.1, 3.2) Countrywide recorded the Deed of Trust on February 8, 2008. (*Id.*, ¶ 3.2.) The Deed of Trust lists Mortensen as the "Borrower," Countrywide Bank, FSB as the "Lender," Fidelity National Title Insurance Co. as the "Trustee" and Mortgage Electronic Registration Systems, Inc. (MERS) as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns," as the "beneficiary under this Security Instrument." (*See id.*)

Countrywide was acquired by Bank of America, N.A. in 2008, and its subsidiary BAC Home Loans Servicing, LP ("BACHLS") became the mortgage servicing company on Plaintiffs' mortgage loan. *(Id., ¶ 1.1.)*

In late 2008, Plaintiffs filed bankruptcy. (*Id.*) Plaintiffs' bankruptcy attorney sent authorization to both Bank of America and Countrywide Bank to contact the Plaintiffs to

discuss a loan modification or restructure. (*Id.,* ¶¶ 3.3 - 3.5.) Bank of America acknowledged it received requests for access to the Plaintiffs' loan file from Neighborhood Housing Services, Inc., presumably related to structuring a loan modification. (*Id.*, ¶ 3.7).

In August 2008, Plaintiff received a notice from Bank of America of its intent to accelerate the loan and a demand for $45,933 in overdue principal and interest. (*Id.*, ¶ 3.9). Further, on May 21, 2009, Bank of America filed a motion to lift the stay in the bankruptcy case to allow it to foreclose on the Deed of Trust, which the bankruptcy court granted on June 16, 2009. (*Id.*, ¶ 3.6 - ¶ 3.9).

In October 2009, MERS assigned the Deed of Trust to BACHLS, which appointed ReconTrust as the Successor Trustee; ReconTrust contemporaneously executed a Notice of Default. (*Id.* at ¶ 3.11 - ¶ 3.18). At the same time, ReconTrust issued Plaintiffs a notice of default and of their right to dispute the validity of the debt within 30 days. (*Id.*, 3.15.) On November 11, 2009, ReconTrust executed a Notice of Trustee's Sale to take place on March 22, 2010. (*Id.*) Plaintiffs acknowledge they received both the Notice of Default and Trustee's Sale in a letter from ReconTrust on or about November 17, 2009. (*Id.*)

By letters dated January 5, 2010 and February 10, 2010, Bank of America acknowledged receipt of Plaintiffs' inquiries. (*Id.*) By letter dated March 4, 2010, Bank of America responded substantively to the inquiries maintaining that the Plaintffs' debt

was valid and the foreclosure was being undertaken pursuant to valid and enforceable loan obligations, and enclosing copies of the original loan documents. (*See id.*, ¶¶ 3.23, 3.27) ReconTrust likewise provided validation of Plaintiffs' indebtedness with reference to the original loan documents. (*Id.*, ¶ 3.28.)

Plaintiffs have sued BACHLS, the mortgage loan servicer; ReconTrust Company, the trustee of the Deed of Trust; Countrywide Bank, FSB, the original lender; Mortgage Electronic Services, Inc., as "Beneficiary," of the Deed of Trust; and John and Jane Doe entities and individuals, under various legal theories for their alleged actions related to the foreclosure. Plaintiffs allege unlawful "robo-signing" (Claim I), breach of fiduciary duty (Claim II), violations of the Truth in Lending Act (TILA)(Claim III), Idaho Deeds of Trust Act (Claim IV), Real Estate Settlement Procedures Act (RESPA) (Claim V), and Consumer Protection Act (Claim VI) and Intentional and Negligent Infliction of Emotional Distress (Claims VII and VIII).   In their Second Amended Complaint, Plaintiffs include a Uniform Commercial Code claim (Claim IX). They also seek declaratory judgment against each Defendant that they acted unlawfully and that the sale of the property is void. In summary, Plaintiffs' Second Amended Complaint is largely similar or identical to their First Amended Complaint in Claims II - VIII.

Defendants move to dismiss all of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

## REPORT

**1.     Standard of Review for a Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards.  Rule 8(a) of the Federal Rules of Civil Procedure sets forth the minimum pleading requirement, which is that the plaintiff provide only a "short and plain statement of the claim showing that the pleader is entitled to relief," and "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955(2007).

When reviewing a motion to dismiss, a district court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009);  *Erickson v. Pardus*, 551 U.S. 89 (2007).  Based upon these allegations, the court examining a complaint for sufficiency of information must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

After any conclusory statements have been removed, the court must then analyze the remaining factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Delta Mech., Inc.*, 345 Fed. Appx. at 234. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In sum, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *Iqbal*, 129 S. Ct. at 1949.

In discussing this standard, a recent Tenth Circuit Court of Appeals opinion stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). In this way, while "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*) (internal citation omitted).

**2.      Judicial Notice**

In resolving the pending Motion to Dismiss, this Court takes judicial notice of several documents filed with the Ada County Recorder's office pertaining to the Property, docket reports from this case and Plaintiffs' bankruptcy petition, as well as the original Note.

Generally, with respect to Rule 12(b)(6) motions, the Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment under Fed. R. Civ. P. 56, and allowing the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).  "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.1999)); *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

A Court may also take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004).

Accordingly, as it did when examining Plaintiffs' previous complaint, this Court will again consider the Affidavit of Amber N. Dina in Support of Motion for Judicial Notice (Dkt. 19-1) ("Dina Affid."), and the documents attached as Exhs. A - E.  Likewise, the Court will consider each of the following documents:

Exh. A:   Deed of Trust, Ada County Recorder's Office, Instrument No. 108014446

Exh. B:   Fixed/Adjustable Rate Note

Exh. C:   Docket Report, *In re Sterling Mortensen*, Bankruptcy Petition No. 08-2964-JDP, United States Bankruptcy Court, District of Idaho.

Exh. D:   Notice of Default, Ada County Recorder's Office, Instrument No. 109121588.

Exh. E:   Civil Docket Report, *Burton et al. v. Countrywide Bank*, FSB et al., Case No. 1:10-cv-298-LMB, United States District Court, District of Idaho.

With regard to Plaintiffs' motion that the Court take judicial notice of a consent order entered into by defendant Bank of America with the United States Department of the Treasury (Dkt. 61), the Court will grant Plaintiffs' request.  However, it must be noted that Plaintiffs were not a party to that action. Furthermore, this evidence does not speak for itself, and at no point do Plaintiffs show how it applies in this action.  Because it is public record, the Court will grant Plaintiffs' motion, despite the fact that the proposed evidence has no apparent bearing on this case.

3.  **Standing, Fiduciary Duty, and MERS claims (Claims II, IV, and V)**

In addressing the issues in this action previously, the Court specifically held that Plaintiffs may not re-assert their claims for breach of fiduciary duty or "breach of the Idaho Trust Deeds Act based on failure to produce the 'wet ink' copy of the Note or an invalid assignment by MERS." (*Order, Report and Recommendation*, Dkt. 54, *Order Adopting Report and Recommendation*, Dkt. 57).

Despite receiving this admonition, Plaintiffs nonetheless re-alleged those claims again. Furthermore, Plaintiffs did not amend these claims, but instead copied, in a nearly identical fashion, the previously dismissed claims with no further allegations. Accordingly, Claims II, IV, and V should be dismissed with prejudice.

4.  **Robo-signing claim (Claim I)**

Plaintiffs' claim that Stephen Gross, the signatory of the Assignment, Appointment, and recorded documents pertaining to other loans, illegally "committed robo-signing" because he signed documents "as an officer of three different companies"—ReconTrust, MERS, and BACHLS. Plaintiffs reason that as a result, initiation of foreclosure was "invalid and void." (*2d Am. Complaint*, ¶¶ 3.12-3.13, 3.17-3.19, 4.4, 4.8). Plaintiffs also allege that these documents have "a 6 day gap between signing and notarization" and therefore "the signature of the notary is from a unknown Defendant robo-signer and not a valid notary." (*Id.* ¶¶ 3.12-3.14, 4.4-4.6).

Plaintiffs' allegations of robo-signing are mere speculation. First, Plaintiff cites no authority that Gross cannot served as an office of three companies. Second, the record before the Court shows that Gross's signature was properly notarized, as he personally

appeared before a valid notary public and acknowledge his signature. In sum, Plaintiffs make no valid claim for relief here, and Claim I should be dismissed accordingly.

5.      **Truth in Lending Act Claims (Claim III)**

In their Third Cause of Action, Plaintiffs allege that they "did not receive documents and disclosures" from the Defendants required under the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*, and are therefore entitled to damages and/or rescission rights "that are revealed through a review of documents to be obtained through discovery." (2d. Am. Cmplt, ¶ 6.2.) They also allege under this claim that the "Defendants unlawfully split Plaintiffs' note and deed of trust, pooling and securitizing them, and removing them from the State Idaho, caused the note to be null and void, leaving the Defendants without standing to foreclose and sale [sic] Plaintiff's residence, thus requiring the return of Plaintiffs residence." (*Id.*, ¶ 6.3.)

As the allegations were in the First Amended Complaint were determined to be, Plaintiffs' allegations in their Second Amended Complaint are likewise insufficient to support their claims. *See Marks v. Chicoine*, 2007 WL 160992, at *7 (N.D. Cal. Jan. 18, 2007) (dismissing TILA claims for failure to allege how defendants violated the statute); *Tasaranta v. Homecomings Fin. LLC*, 2009 WL 3055227, at *3 (S.D. Cal. 2009) (same). Plaintiffs' allegations must be based on more than speculation. Plaintiffs fail to allege how TILA was violated, what specific documents or disclosures were not provided, or

how they relied to their detriment, upon these alleged inadequate documents or disclosures.

As noted above, Plaintiffs allege that the documents and disclosures they did not receive cannot be revealed until they receive discovery. This allegation confirms that Plaintiffs do not know whether they did or did not receive documents or disclosures that they claim they should have received, and as such, they cannot allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949. As such, Plaintiffs' allegations of a TILA violation fail to state a claim upon which relief may be granted and should be dismissed with prejudice.

Moreover, the statute of limitations for a TILA claim is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *Shaw v. Lehman Bros. Bank, FSB*, 2009 WL 790166, at *4 (D. Idaho 2009). The statute begins to run when the plaintiff enters into the loan agreement. *See King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986); *Shaw*, 2009 WL 790166, at *4. It is undisputed that Plaintiffs obtained the loan on February 1, 2008. (*2d Am. Cmplt.*, Exh. 22, Dkt. 10-3.) Plaintiffs filed the original complaint on June 15, 2010 (Dkt. 1), more than a year past the statute of limitations deadline. Thus, Plaintiffs' claims are also time barred.

Accordingly, Plaintiffs' TILA claims should be dismissed with prejudice.

6. **Idaho Consumer Protection Act (Claim VI)**

Plaintiffs Sixth Cause of Action alleges "Violation(s) of the Consumer Protection Act" (CPA) against all Defendants. (*Am. Cmplt.*, ¶¶ 9.1 - 9.6, Dkt. 10). Plaintiffs'

allegations are based on the claim that none of Defendants had the right to foreclose because MERS lacked authority to appoint a successor trustee on the grounds that it lacked "standing" because the note and deed were "split" and removed from the state of Idaho and MERS is not registered to do business in the State of Idaho. *(Id.,* ¶ 9.2.) Plaintiffs also allege Defendants breached their fiduciary duties. *(Id.,* ¶ 9.3.) These actions, Plaintiff alleges, constitute "unfair and deceptive practices" in violation of the Idaho CPA. (*Id*. § 9.4.)

Plaintiffs do not specify which section of the Idaho CPA Defendants violated, and the allegations fit only, if at all, in the "catchall" provision which prohibits "[e]ngaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer." I.C. § 48-603(17).

After a thorough and careful review of the pleadings, the Court finds that Plaintiffs' allegations fail to state a claim for violation of the ICPA. First, their allegations are too vague and conclusory to meet the pleading requirements of *Iqbal* and *Twombly*. For example, the complaint does not allege which Defendants committed any act that is considered unfair or deceptive under the ICPA, or what harm or damage the acts caused to Plaintiffs. The allegations also conflict with the record before the Court. MERS did not appoint a successor trustee, but instead assigned the Deed of Trust to BACHLS, which in turn appointed ReconTrust as the Successor Trustee to initiate the foreclosure. As set forth previously, MERS clearly had the authority to assign the Deed

of Trust under the agreements Plaintiffs signed.  (*See Report and Recommendations*, Dkt. 54, *Order Adopting R&R*, Dkt. 57).

Accordingly, Plaintiffs sixth claim fails to state a claim upon which relief may be granted under the Idaho CPA.

### 7. Intentional Infliction of Emotional Distress

Plaintiffs' Seventh Cause of Action alleges intentional infliction of emotional distress related to the Defendants "poor treatment" of them, and refusal to stop the foreclosure, or give Plaintiffs a meaningful opportunity to respond.

It is well-established that "[t]o prevail on a claim for intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Mortensen v. Stewart Title Guar. Co.*, 235 P.3d 387, 396 (Idaho 2010) (internal citations omitted).  "To be actionable, the conduct must be so extreme as to 'arouse an average member of the community to resentment against the defendant,' and 'must be more than unreasonable, unkind, or unfair.'" *Id*. at 397 (citing 86 CJ.S. Torts § 74 (2009) (citations omitted)).

The Court has carefully analyzed this claim and concludes that Plaintiffs' allegations do not rise to the level of outrageous conduct required to state a claim upon which relief may be granted on this cause of action.  In view of the fact that Plaintiffs

have made no claim that they did not owe the mortgage debt, or that they were not in default, the Court cannot conclude the refusal to stop the foreclosure process as being "outrageous." Further, Plaintiffs claim that they were "treated poorly" and asked to fax the same documents several times is insufficient conduct or actions to establish a claim for intentional infliction of emotional distress. *See id*. Accordingly, Plaintiffs' fail to state a claim upon which relief may be granted for intentional infliction of emotional distress.

8.  **Negligent Infliction of Emotional Distress**

Plaintiffs' Eighth Cause of Action alleges negligent infliction of emotional distress, also based on defendants alleged "poor treatment" of them, and refusal to stop foreclosure, or to give Plaintiffs a meaningful opportunity to respond. Plaintiffs allege that this conduct was negligent insofar as Defendants failed to take reasonable care to avoid causing Plaintiffs emotional distress and anxiety. (*Amend. Cmplt.*, ¶¶ 11.1 - 11.4.)

To state a claim for negligent infliction of emotional distress, Plaintiffs must allege facts supporting "(1) a duty recognized by law requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the conduct and the plaintiff's injury; and (4) actual loss or damage." *Johnson v. McPhee*, 210 P.3d 563 (Idaho Ct. App. 2009) (citing *Brooks v. Logan*, 903 P.2d 73, 78 (Idaho 1995); *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank*, 804 P.2d 900, 904-05 (Idaho 1991); *Nation v. State Dept. of Correction*, 158 P.3d 953, 965 (Idaho 2007)). Plaintiffs must also allege "some physical manifestation of the [their] emotional injury."

*Id.* (citations omitted).

Based on the pleadings and allegations made here, Defendants owe no duty that would support a claim of negligence in a foreclosure action, regarding emotional distress. Any duty relating to the foreclosure arises from the parties' agreements – the Note and the Deed of Trust. Plaintiffs' allegations with respect to Defendants' actions in the foreclosure process fail to state a claim for negligence.

The Note and the Deed of Trust did not create nor impose any duty upon the parties to work out a loan modification for Plaintiffs in the event of a default. Plaintiffs complaint alleges, vaguely, that Bank of America may have undertaken some action with respect to a loan modification that appears to be at least part of the basis for Plaintiffs' allegations of being afforded poor treatment. (*See Am. Cmplt.*, ¶¶ 3.7, 3.8, 3.30.) Rather, Plaintiffs allege that "the Defendants and the Defendant Individuals contacted during the Modification process intentionally ran Plaintiffs around in circles by repeatedly requiring Plaintiffs to fax the identical documents upto[sic] sex[sic] (6) times only to be told that Plaintiffs did not qualify for a modification." (*Id.*, ¶ 3.30.)

Accordingly, Plaintiffs' allegations are not sufficient to state a claim upon which relief may be granted based in negligence, and should be dismissed with prejudice.

## 9. UCC Claim (Claim IX)

Plaintiffs finally claim that they offered to tender full payment, but that Defendants would not accept their offers, and cites UCC § 3–603 which discusses tender of payment.

This "bill of exchange" theory "has been rejected in foreclosure cases by district courts across the country, as well as in the [Ninth Circuit Court of Appeals]." *See West v. ReconTrust Co.*, 2011 WL 3847174, at *4 (D.Nev. Aug. 30, 2011). In light of the record, Plaintiffs have not pled sufficient facts to demonstrate their ability to cure the default. Instead, they plead in a conclusory manner that they attempted to cure the default by making an offer to make payment in full, without providing documentary evidence or a meaningful description of their attempts to tender this payment.

In light of their apparent inability to provide such full tender to prevent foreclosure, the Court does not view this pleading as providing enough facts to demonstrate even a plausible cause of action. Accordingly, Plaintiffs' final claim for relief, along with the entire Second Amended Complaint should be dismissed with prejudice.

## ORDER

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion for Judicial Notice (Dkt. 61) is GRANTED.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED:

1. Defendants' Motion to Dismiss (Dkt. 59) be GRANTED; and

2. Plaintiffs' Second Amended Complaint be DISMISSED with prejudice.



DATED: **January 8, 2013**.

Honorable Larry M. Boyle
United States Magistrate Judge

## OBJECTIONS

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1 and that the failure to do so may result in that party waiving the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals. The parties are advised further that this is a report and recommendation and not a final, appealable order, and thus no appeal can be taken from this report and recommendation.