UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING MORTENSEN, and MAUREEN MORTENSEN,<br><br>     Plaintiffs,<br><br>  v.<br><br>BAC HOME LOANS SERVICING, LP; BANK OF AMERICA, N.A.; COUNTRYWIDE HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A., COUNTRYWIDE BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JOHN & JANE DOE ENTITIES, I - THRU - X, are Unknown Companies/Corporations involved with the Mortgage Industries; JOHN & JANE DOE, Unknown Individuals I- thru - XX,<br><br>     Defendants. | Case No. 1:10-CV-00298-EJL-LMB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

**ORDER ADOPTING REPORT AND RECOMMENDATION- 1**

On January 8, 2013, United States Magistrate Larry M. Boyle issued an Order and Report and Recommendation on the pending motion to dismiss, Dkt. 63. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation portion of the Order, Report and Recommendation. Plaintiffs Sterling Mortensen and Maureen Mortensen (collectively referred to as "the Mortensens") filed an objection to the Report and Recommendation on February 4, 2013, Dkt. 67.  Defendants filed a response to Plaintiffs' objection on February 15, 2013, Dkt. 68.  The Plaintiffs filed a Motion to File Oversized Reply to Defendants' Opposition to Plaintiffs' Objection on February 28, 2013, Dkt. 69, a Reply,  on February 28, 2013, Dkt. 70 and two Exhibits on March 1, 2013, Dkt. 71.  The Court will grant Plaintiff's motion to file a reply and will consider the reply and exhibits.  Accordingly, the matter is now ripe for this Court's review.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

**ORDER ADOPTING REPORT AND RECOMMENDATION- 2**

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

## FACTUAL BACKGROUND

The Court adopts Judge Boyle's summary of the relevant facts in this matter set forth on pages 2- 4 of the Order and Report and Recommendation:

This action arises out of the non-judicial foreclosure of Plaintiff Sterling Mortensen's residence located at 4282 N. Forest Meadow Ave in Boise, Idaho ("the property"). In February 2008, Mortensen executed a promissory note (the "Note") in the amount of $640,000 with Countrywide Bank, FSB, secured by a Deed of Trust on the property. (2d Am. Complaint., ¶¶ 1.0, 3.1, 3.2) Countrywide recorded the Deed of Trust on February 8, 2008. (*Id.*, ¶ 3.2.) The Deed of Trust lists Mortensen as the "Borrower," Countrywide Bank, FSB as the "Lender," Fidelity National Title Insurance Co. as the "Trustee" and Mortgage Electronic Registration Systems, Inc. (MERS) as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns," as the "beneficiary under this Security Instrument." (*See id.*)

**ORDER ADOPTING REPORT AND RECOMMENDATION- 3**

Countrywide was acquired by Bank of America, N.A. in 2008, and its subsidiary BAC Home Loans Servicing, LP ("BACHLS") became the mortgage servicing company on Plaintiffs' mortgage loan. *(Id.*, ¶ 1.1.)

In late 2008, Plaintiffs filed bankruptcy. *(Id.)* Plaintiffs' bankruptcy attorney sent authorization to both Bank of America and Countrywide Bank to contact the Plaintiffs to discuss a loan modification or restructure. *(Id.,* ¶¶ 3.3 - 3.5.) Bank of America acknowledged it received requests for access to the Plaintiffs' loan file from Neighborhood Housing Services, Inc., presumably related to structuring a loan modification. *(Id.*, ¶ 3.7).

In August 2008, Plaintiff received a notice from Bank of America of its intent to accelerate the loan and a demand for $45,933 in overdue principal and interest. *(Id.*, ¶ 3.9). Further, on May 21, 2009, Bank of America filed a motion to lift the stay in the bankruptcy case to allow it to foreclose on the Deed of Trust, which the bankruptcy court granted on June 16, 2009. *(Id.*, ¶ 3.6 - ¶ 3.9).

In October 2009, MERS assigned the Deed of Trust to BACHLS, which appointed ReconTrust as the Successor Trustee; ReconTrust contemporaneously executed a Notice of Default. *(Id.* at ¶ 3.11 - ¶ 3.18). At the same time, ReconTrust issued Plaintiffs a notice of default and of their right to dispute the validity of the debt within 30 days. *(Id.*, 3.15.) On November 11, 2009, ReconTrust executed a Notice of Trustee's Sale to take place on March 22, 2010. *(Id.)* Plaintiffs acknowledge they received both

**ORDER ADOPTING REPORT AND RECOMMENDATION- 4**

the Notice of Default and Trustee's Sale in a letter from ReconTrust on or about November 17, 2009. (*Id.*)

By letters dated January 5, 2010 and February 10, 2010, Bank of America acknowledged receipt of Plaintiffs' inquiries. (*Id.*) By letter dated March 4, 2010, Bank of America responded substantively to the inquiries maintaining that the Plaintffs' debt was valid and the foreclosure was being undertaken pursuant to valid and enforceable loan obligations, and enclosing copies of the original loan documents. (*See id.*, ¶¶ 3.23, 3.27) ReconTrust likewise provided validation of Plaintiffs' indebtedness with reference to the original loan documents. (*Id.*, ¶ 3.28.)

Plaintiffs have sued BACHLS, the mortgage loan servicer; ReconTrust Company, the trustee of the Deed of Trust; Countrywide Bank, FSB, the original lender; Mortgage Electronic Services, Inc., as "Beneficiary," of the Deed of Trust; and John and Jane Doe entities and individuals, under various legal theories for their alleged actions related to the foreclosure. Plaintiffs allege unlawful "robo-signing" (Claim I), breach of fiduciary duty (Claim II), violations of the Truth in Lending Act (TILA)(Claim III), Idaho Deeds of Trust Act (Claim IV), Real Estate Settlement Procedures Act (RESPA) (Claim V), and Consumer Protection Act (Claim VI) and Intentional and Negligent Infliction of Emotional Distress (Claims VII and VIII). In their Second Amended Complaint, Plaintiffs include a Uniform Commercial Code claim (Claim IX). They also seek declaratory judgment against each Defendant that they acted unlawfully and that the sale of the property is void. In summary, Plaintiffs' Second Amended Complaint is largely

similar or identical to their First Amended Complaint in Claims II - VIII.

Defendants move to dismiss all of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

## OBJECTIONS

Judge Boyle recommends that Defendants' Motion to Dismiss (Dkt. 59) be granted and that Plaintiffs' Second Amended Complaint be dismissed in its entirety. Plaintiffs object to the recommendation. The Court will address each claim. The Court begins its analysis by adopting and incorporating the standard of review for motions to dismiss set forth by Judge Boyle on pages 5-6 of the Order and Report and Recommendation:

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Rule 8(a) of the Federal Rules of Civil Procedure sets forth the minimum pleading requirement, which is that the plaintiff provide only a "short and plain statement of the claim showing that the pleader is entitled to relief," and "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955(2007).

When reviewing a motion to dismiss, a district court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007). Based upon these

**ORDER ADOPTING REPORT AND RECOMMENDATION- 6**


allegations, the court examining a complaint for sufficiency of information must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

After any conclusory statements have been removed, the court must then analyze the remaining factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Delta Mech., Inc.*, 345 Fed. Appx. at 234. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In sum, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *Iqbal*, 129 S. Ct. at 1949.

In discussing this standard, a recent Tenth Circuit Court of Appeals opinion stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). In this way,

**ORDER ADOPTING REPORT AND RECOMMENDATION- 7**

while "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam* ) (internal citation omitted).

### 1.  Standing, Fiduciary Duty and MERS claims (Claims II, IV, and V).

The Court agrees with Judge Boyle that Plaintiffs were ordered not to re-assert these claims in their amended Complaint in the Report and Recommendation issued on March 1, 2012, Dkt. 54, p. 15: "For the foregoing reasons, Plaintiffs' claims for breaches of fiduciary duty against all defendants fail to state a claim upon which relief may be granted."  Plaintiffs misconstrue this Court's Order wherein it stated "Plaintiffs' Amended Complaint (Dkt. 10) is DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE as to all claims except Plaintiffs' First and Second Causes of Action, Breach of Fiduciary Duty, and Fourth Cause of Action in part, as set forth in the Report and Recommendation."  This does not mean the fiduciary duty claims can proceed, it means all other claims are dismissed *without prejudice* subject to filing an amended complaint but the breach of fiduciary duty claims and the Fourth Cause of Action in part are dismissed *with prejudice* as they fail to state a claim upon which relief can be granted.

The elements of a cause of action for participation in a breach of fiduciary duty are: a breach by the fiduciary of a duty owed to the plaintiff, the defendant's knowing participation in the breach, and damages.  *Sorensen v. St. Alphonsus Reg'l Med. Ctr., Inc.*, 141 Idaho 754, 760 (2005).  To form such a claim, the plaintiff must first establish that a fiduciary relationship existed at the time of the alleged breach. *Id.*; *Podolan v. Idaho*

**ORDER ADOPTING REPORT AND RECOMMENDATION- 8**

*Legal Aid Services, Inc.,* 123 Idaho 937, 946 (Ct. App. 1993). A fiduciary relationship exists when one party is "under a duty to act or to give advice for the benefit of the other upon a matter within the scope of the relation." *Id*. at at 946 (*citing* Restatement (Second) of Torts § 874 cmt. a (1979)). Whether a fiduciary relationship exists is a question of law. *Hayden Lake Fire Protection Dist. v. Alcorn,* 141 Idaho 388, 401 (2005) (overruled on other grounds).

As a general rule, under long-standing Idaho law, lenders do not owe a fiduciary duty to borrowers. *Headwaters Construction Co. v. National City Mortgage*, 720 F.Supp.2d 1182, 1191 (D. Idaho 2010); *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 824 P.2d 841, 852 (Idaho 1991); *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 176 (1991). A typical loan transaction creates a debtor/creditor relationship where each side seeks to maximize its own interest. A fiduciary, on the other hand, "is a person with a duty to act primarily for the benefit of another." *Bliss Valley Foods*, 824 P.2d at 852. Nonetheless, the Mortensens claim here that the advice given to them by Defendants rose to the level to create a fiduciary relationship. This position, however, is not supported by Idaho law.

Even taking all of the Mortensens' allegations as true simply does not rise to the level of fiduciary relationship. The Mortensens cite no binding case law holding that a bank, upon encountering financially troubled loan customer, must repress its own interests and, as required of a fiduciary, act primarily for the benefit of the customer. To the contrary, this Court has addressed and squarely rejected this line argument before.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 9**

*See Davis v. Keybank Nat'l Ass'n*, 2006 WL 1275116 (D. Idaho, 2006) ("If that was the rule, most commerce would become charity."). Accordingly, the Mortensens' breach of fiduciary duty claims against Defendants must be dismissed.

### 2. Robo-signing claim (Claim I)

The Court has reviewed Plaintiffs' objections and finds such objections are meritless. The Court agrees that the robo-signing allegation of Plaintiffs is based on mere speculation and contrary to the properly executed exhibits that are part of the record in this matter. While it is true that robo-signing has occurred in other cases across the country, the exhibits in this case do not support a robo-signing claim. The objection is denied.

### 3. Truth in Lending claims (Claim III)

Plaintiffs have failed to establish how their claim meets the one year statute of limitations for a Truth in Lending claim. The Court agrees based on the statute of limitations as well as Judge Boyle's other analysis this claim must be dismissed. Plaintiffs' objection on this claim is denied.

### 4. *Bain* is not Applicable

Plaintiffs argue in their objection that MERS cannot be a lawful beneficiary and does not hold legal title. Plaintiffs support this objection by arguing this Court should apply the reasoning in a recently issued Washington state Supreme Court decision, *Bain v. Metropolitan Mortgage Group, Inc.*, 2012 WL 3517326 (Wash. 2012) and hold the original transfer of a beneficial interest in the Deed of Trust to MERS was invalid so

**ORDER ADOPTING REPORT AND RECOMMENDATION- 10**

everything that occurred after that transfer of interest is also invalid. The Court rejects this argument.

First, the *Bain* decision by the Washington state Supreme Court is not binding precedent on this Court. Second, the *Bain* court acknowledged in its opinion that Idaho law (Idaho's Deed of Trust Act) did not define "beneficiary" similar to Washington law. *Id.* *13. Idaho law does not require that a "beneficiary" be "the holder of the instrument" like Washington law. Third, this Court must apply Idaho law and the Idaho Supreme Court has determined MERS can execute the rights of a beneficiary. *Trotter v. Bank of N.Y. Mellon*, 275 P.3d 857 (Idaho 2012). Fourth, the Ninth Circuit has held even if MERS is sham beneficiary and the note is split from the deed, this does not result in no party having the power to foreclose. *Cervantes, v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (D. Ariz. 2011). Fifth, the Court does not find as persuasive the other state district court decisions cited by Plaintiffs. Because the Court declines to follow the *Bain* decision, the Court finds MERS and Idaho Deed of Trust objection by Plaintiffs must be denied.

### 5. Idaho Consumer Protection Act (Claim VI)

Plaintiffs' objection to the dismissal of the Idaho Consumer Protection Act claim is based on their premise regarding MERS lacking authority to assign beneficial interest to BACHLS. The Court has rejected this premise. The Court does not agree with Plaintiffs that the Deed of Trust at issue in this case fails to comply with Idaho law and is void. *Trotter* sets for the requirements for a non-judicial foreclosure in Idaho and Plaintiffs

**ORDER ADOPTING REPORT AND RECOMMENDATION- 11**

allegations of wrongful conduct do not change the fact that the law relating to non-judicial foreclosures was satisfied in this case. Therefore, Plaintiffs do not have sufficient allegations to proceed on their Idaho Consumer Protection Act and the objection as to this claim is denied.

**6. Intentional Infliction of Emotion Distress and Negligent Infliction of Emotional Distress (Claims VII and VIII)**

Again Plaintiffs' objections are based on their faulty premise that the deed of trust at issue did not comply with Idaho law. Because this premise has been rejected by the Court, the objections on these claims also fail.

**7. UCC Claim (Claim IX)**

It is undisputed that Plaintiffs did not tender full payment of the owing obligation. Mere offer to tender payment is not sufficient to cure default under the UCC. Therefore, Plaintiffs have failed to plead sufficient facts to proceed on their UCC § 3-606 claim.

## CONCLUSION

The Court is mindful of Plaintiffs' frustrations with their real property being foreclosed upon. However, the Court finds that Plaintiffs executed valid documents to borrow money secured by the real property and defaulted on such obligations. The documents complied with existing Idaho law and the Defendants properly initiated non-judicial foreclosure proceedings consistent with Idaho law. The Plaintiffs were given an opportunity by the Court to amend their Complaint to see if they could state claims upon

**ORDER ADOPTING REPORT AND RECOMMENDATION- 12**

which relief could be granted. Defendants moved to dismiss the amended complaint. The Court does not adopt Plaintiffs' view of what the law should be and instead finds as a matter of law and for the reasons set forth by Judge Boyle and in this Order, the Second Amended Complaint must be dismissed in its entirety based on Plaintiffs' failure to state a claim upon which relief can be granted.

## ORDER

**IT IS HEREBY ORDERED:**

1. That the Report and Recommendation (Dkt. 63) shall be **INCORPORATED** by reference and **ADOPTED** consistent with the analysis in this Order.

2. Defendants' Motion to Dismiss (Dkt. 59) is **GRANTED** and Plaintiffs' Second Amended Complaint is **DISMISSED IN ITS ENTIRETY**.

3. Plaintiffs' Motion to File Oversized Reply (Dkt. 69) is **GRANTED**.

4. The parties are advised no motions for reconsideration will be entertained by the Court.

DATED: **March 8, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION- 13**